IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN H. KING, JR., BY NEXT FRIEND, LABRYANT KING <br><br> Plaintiff, <br><br> v. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, BANK OF AMERICA, AMERICAN FREEDOM MORTGAGE, TAMRA BURCH and AMERICAN TITLE COMPANY, INC., <br><br> Defendants. | Civil Action No. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Countrywide Financial Corporation ("CFC"); Countrywide Home Loans, Inc. ("CHL"); and Bank of America, N.A. ("BOA") (collectively "Defendants") hereby remove this cause from the Circuit Court for Montgomery County, Nineteenth Judicial District of Tennessee, Case No. MC CC CV 00 10 0087, to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446(b). Defendants remove this cause on the basis of federal question jurisdiction and, in support thereof, would respectfully show the Court as follows:

1. On January 19, 2010, the plaintiff filed this action in the Circuit Court for Montgomery County, Nineteenth Judicial District, Clarksville, Tennessee, bearing Case No. MC CC CV 00 10 0087.

2. Defendants CFC and CHL received a copy of the Complaint by service through the Secretary of State on February 19, 2010. Accordingly, this Notice of Removal is being filed within 30 days, as required by 28 U.S.C. § 1446(b).

1

3. Defendant BOA has not been served and appears specially and for the sole purpose of presenting this removal, and therefore, this notice cannot be treated as submitting to jurisdiction for any other purpose. *Wabash Western Railway v. Brow*, 164 U.S. 271, 276 (1896) (citing *Goldey v. Morning News*, 156 U.S. 518 (1895)); *see also Flowers v. Aetna Casualty & Surety Co.*, 163 F.2d 411, 415 (6th Cir. 1947) (stating that "when the action is of a removable character and the other necessary requirements for removal are present, the State court having jurisdiction of the subject matter of the action may, upon the filing of a petition for removal, enter a valid order of removal to the Federal Court on the petition of a defendant, even though the defendant is not properly before the court."). BOA's special appearance does not waive any defense or objection to personal jurisdiction based upon an alleged deficiency in service of process simply by removing an action from state court. *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 449 (1943); *Wabash*, 164 U.S. at 27678; *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1395 (3d ed. 2004). Accordingly, BOA fully reserves any rights or defenses to which it is otherwise entitled, including, but not limited to, those defenses set forth in Rule 12(b) of the Federal Rules of Civil Procedure.

4. Removal is proper in this action because Plaintiff alleges violations of a federal statute and alleges that he is entitled to statutory punitive damages pursuant to federal law. Specifically, the Complaint states allegations against Defendants for violations of the federal Truth in Lending Act ("TILA"). (Complaint at ¶¶ 2, 8, 10, 11.)

5. While Defendants reserve the right to challenge the sufficiency of the Complaint, it appears that Plaintiff is attempting to assert his rights under federal law, including TILA. Accordingly, by asserting that Defendants have violated federal law, jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331.

6. The statute governing removal of actions provides that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Removal is proper pursuant to section 1441(b) because Plaintiff alleges a claim pursuant to a federal statute that is within this Court's original jurisdiction conferred by 28 U.S.C. § 1331.

7. All properly joined and necessary Defendants have consented to this Notice of Removal, however American Freedom Mortgage, Inc. ("AFM"), AFM's principal, Tamara L. Burch and American Title Company, Inc. ("ATC") are not proper parties, and therefore, their consent is unnecessary for the reasons set forth below:

(a) Plaintiff commenced this case after both AFM and Ms. Burch had filed for protection under chapter 7 of the Title 11 of the United States Code ("the Bankruptcy Code"), both on January 30, 2007, in the United States Bankruptcy Court of the Northern District of Georgia. AFM's bankruptcy case was assigned case no. 07-61304-jem and Ms. Burch's bankruptcy case was assigned case no. 07-61308-jem (together, "the Bankruptcy Cases"). Pursuant to section 362 of the Bankruptcy Code, the automatic stay became effective upon the commencement of the Bankruptcy Cases. Once the automatic stay takes effect, it operates as a shield for the debtor (here, AFM and Ms. Burch) against certain actions taken by non-debtor entities. Specifically, section 362(a)

> Operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

3

* * *

\* \* \*

>   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362. In the Eleventh Circuit, where the Bankruptcy Cases are pending, any actions taken in violation of the automatic stay are invalid and void (as opposed to voidable) *ab initio*. *See Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982); *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 675 (11th Cir. 1984); *Ford v. A.C. Loftin (In re Ford)*, 296 B.R. 537, 543 (Bankr. N.D. Ga. 2003). Accordingly, Plaintiff's actions were prohibited in commencing this action against AFM and Ms. Burch and the issuance of process and attempted service upon AFM and Ms. Burch is void.[1] The automatic stay is still in effect in each of AFM's and Ms. Burch's Bankruptcy Cases and Plaintiff has not obtained relief entitling him to prosecute the claims against AFM or Ms. Burch. Therefore, both AFM and Ms. Burch are nominal parties because no action can be taken against them and they cannot be forced to participate in this case while the automatic stay is in effect. As such, their consent is not required for this removal. 28 U.S.C. § 1446.

>   (b)  ATC is also not a proper party to this action. According to the Tennessee Secretary of State, ATC was administratively dissolved on December 29, 2008. Therefore, ATC is no longer a registered corporation authorized to do business in the state of Tennessee and is a nominal party to this action. As such, it is not a proper party to this action and its consent to this removal is not necessary to effectual removal.[2]

---

[1] Plaintiff cannot claim hardship or surprise by excluding AFM or Ms. Burch from this case where he admits on page 21 of the Complaint that he knew of "the filing of Chapter 7 Bankruptcy in Georgia's Northern District Court."

[2] Out of an abundance of caution, however, Defendants, by and through counsel, thoroughly researched ATC and attempted to contact ATC to obtain its consent to removal. The listed telephone numbers of ATC and its prior registered agent are invalid or "no longer in use," according to the recorded message last listened to on March 22, 2010, immediately prior to filing this notice of removal.

8. Pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the action is pending, Montgomery County, Tennessee.

9. Further, in accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon or otherwise obtained by Defendants to date are attached hereto as collective **Exhibit A.**

10. Defendants will promptly give the plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of that notice, together with a copy of this Notice of Removal and attachments, with the clerk for the Circuit Court for Montgomery County, Nineteenth Judicial District, Clarksville, Tennessee, thereby effecting removal pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ Donna L. Roberts

Donna L. Roberts (BPR No. 022249)
Corinne E. Martin (BPR No. 028226)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219
(615) 782-2200 (phone)
(615) 742-0714 (fax)
donna.roberts@stites.com
cmartin@stites.com
*Counsel for Defendants Countrywide Financial Corporation; Countrywide Home Loans, Inc.; Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2010, a copy of the foregoing Notice of Removal was mailed by first-class U.S. Mail to:

John H. King, Jr., by Next Friend, LaBryant King
Northwest Correctional Complex—Main
960 State Route 212
Tiptonville, TN 38079

Corinne E. Martin

847961:3:NASHVILLE