IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN H. KING, JR., by next friend La BRYANT king | ) ) ) |
| v. | ) NO. 3:10-0271 ) JUDGE CAMPBELL |
| COUNTRYWIDE FINANCIAL CORPORATION, et al. | ) ) |

ORDER

In accordance with the Mandate (Docket No. 52) from the United States Court of Appeals for the Sixth Circuit and this Court's prior Order (Docket No. 54), the Complaint in this action is reinstated and this case is remanded to the Circuit Court for Montgomery County, Tennessee. The Clerk is directed to close the file and serve a copy of this Order upon the state court.

Plaintiffs have filed a Motion for Costs (Docket No. 51), to which Defendants have filed a Response (Docket No. 58). Plaintiffs have also filed a "Motion for Determination for Status of Motion for Cost" (Docket No. 57), which purports to be a pleading in the United States Court of Appeals for the Sixth Circuit, not this Court.

Plaintiffs' Motion for Costs indicates that it is being filed pursuant to, among other authorities, Fed. R. App. P. 39(a)(3), (c), (d)(1), and (e)(4). Rule 39 provides, with the exception of (e), for the assessment of costs by the appellate court. "A party who wants costs taxed must - within 14 days after entry of judgment - file *with the circuit clerk*, with proof of service, an itemized and verified bill of costs." Fed. R. App. P. 39(d)(1) (emphasis added). Thus, the Court has no authority to award costs under Rule 39(a)(3), (c) or (d)(1). Rule 39(e) provides for certain costs on

appeal to be taxable in the District Court. The only cost specified in Rule 39(e) which is being claimed by Plaintiffs is the fee for filing the notice of appeal. Fed. R. App. P. 39(e)(4).

Defendant argues that Plaintiffs' request cannot be granted because it is untimely. Pursuant to Fed. R. App. P. 39(d), a party seeking costs must do so within 14 days of entry of judgment. Judgment was entered by the Sixth Circuit on July 1, 2011 (Docket No. 50). Defendants state that Plaintiffs filed their request for costs on July 19, 2011 (Docket No. 58, p. 1). Plaintiffs' Motion for Costs was filed in this Court on July 25, 2011. Plaintiffs assert that Plaintiff LaBryant King, who is currently incarcerated, placed Plaintiffs' Motion for Costs in the Northwest Correctional Complex mailing system on July 11, 2011 (Docket No. 57, ¶ 2). The envelope containing Plaintiffs' Motion for Costs, however, indicates that it was received in the Northwest Correctional Complex mailing system on July 21, 2011 (Docket No. 51). Thus, even judging from the date it was deposited in the prison mail, Plaintiffs' request with this Court for costs pursuant to Fed. R. App. P. 39(e) was untimely. Therefore, Plaintiffs' Motion based upon Rule 39 is denied.

Plaintiffs also seek costs pursuant to Fed. R. Civ. P. 54(d), which provides that costs - other than attorneys' fees - should be allowed to the "prevailing party." A cost bill under this rule must be filed with the Clerk of Court with thirty days from the entry of judgment in the case. Local Rule 54.01(a). Judgment herein is being entered today, remanding the case to state court, so the Rule 54 portion of Plaintiffs' request is not untimely.

Defendants contend, however, that Plaintiffs were not prevailing parties because they did not substantially prevail on the merits of their appeal. The Sixth Circuit did not reach the substantive merits of Plaintiffs' case, but reached only the question of federal court jurisdiction. Given the result herein, the Court need not reach this argument.

Defendants also argue that Plaintiffs did not submit a bill of costs or affidavit as required to verify those costs. Plaintiffs' Memorandum in Support of Motion for Costs (Docket No. 53), however, includes an Itemized Bill of Costs and Affidavit in Support thereof (Docket No. 53-1).

Finally, Plaintiffs seek costs pursuant to 28 U.S.C. §§ 1447(c) and 1920. Section 1920 provides for the types of costs which may be taxed by the Court. Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiffs are not requesting attorney fees.

Weighing all the factors and considering all the arguments put forth herein, Plaintiffs' Motion for Costs (Docket No. 51) is GRANTED in part and DENIED in part. Plaintiffs' "Motion for Determination for Status of Motion for Cost" (Docket No. 57), to the extent it was intended as a pending Motion in this Court, rather than the Sixth Circuit, is denied as moot.

As stated above, the Court declines to award costs pursuant to Fed. R. App. P. 39(e) and Fed.R. Civ. P. 54. Plaintiffs' Motion is granted, however, pursuant to 28 U.S.C. § 1447(c), and Plaintiffs are awarded costs in the amount of the $455 appellate filing fee against the Defendants.

IT IS SO ORDERED.

                                                                          _____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE